NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

NOV 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES ORTIZ; YOLANDA Y. ORTIZ,

Plaintiffs-Appellants,

v.

STATE OF CALIFORNIA; CITIBANK, NA, as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass Through Certificates Series 2006-3,

Defendants-Appellees.

No. 18-56097

D.C. No. 2:18-cv-05562-SJO-PLA

MEMORANDUM*

Appeal from the United States District Court
for the District of Central California
S. James Otero, District Judge, Presiding

Submitted November 14, 2019**
Pasadena, California

Before: FERNANDEZ, M. SMITH, and MILLER, Circuit Judges.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

James Ortiz and Yolanda Ortiz (hereafter collectively "the Ortizes") appeal the district court's dismissal of their action against the State of California[1] and Citibank, N.A., as Trustee (hereafter "Citibank"). We affirm.

The Ortizes sought to enjoin proceedings in an unlawful detainer action previously filed against them by Citibank and proceeding in the Superior Court of the State of California for the County of Los Angeles. However, as the district court held, due to the provisions of the Anti-Injunction Act, it could "not grant an injunction to stay proceedings in [the] State court." 28 U.S.C. § 2283; *see also California v. Randtron*, 284 F.3d 969, 974 (9th Cir. 2002). We are aware of the exceptions set forth in that Act. *See* 28 U.S.C. § 2283. However, nothing in the record suggests that the Ortizes' claims fell within one of those "narrow"[2] exceptions, and if there were some doubt, we would have to resolve the doubt in favor of the Anti-Injunction Act's prohibition.[3]

---

[1]On appeal, the Ortizes have waived their claims against the State of California by stating that the State should not have been named as a defendant and its dismissal was appropriate.

[2]*See Smith v. Bayer Corp.*, 564 U.S. 299, 306, 131 S. Ct. 2368, 2375, 180 L. Ed. 2d 341 (2011).

[3]*See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297, 90 S. Ct. 1739, 1748, 26 L. Ed. 2d 234 (1970). We do not overlook the

(continued...)

2

Moreover, because it is apparent that any amendment by the Ortizes would fail to overcome the strictures of the Anti-Injunction Act, and would, therefore, be futile, the district court did not err when it denied leave to amend. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017).[4]

**AFFIRMED**.

---

[3](...continued) Ortizes' suggestion that their claims could possibly fall under 42 U.S.C. § 1983. *See Mitchum v. Foster*, 407 U.S. 225, 242–43, 92 S. Ct. 2151, 2162, 32 L. Ed. 2d 705 (1972). However, they did not plead that, and could not pursue an action against the State of California under § 1983. Moreover, there is no indication that Citibank was or is a state actor or an entity acting in concert with a state actor. *See Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991); *Howerton v. Gabica*, 708 F.2d 380, 382–83 (9th Cir. 1983); *see also West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988).

[4]In light of our decision regarding the Anti-Injunction Act, we need not, and do not, take up the other issues raised by the parties on appeal.